**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| KELLY SAXON,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC., a/k/a MEDICAL REVENUE SERVICES, INC.<br><br>Defendant. | :<br>:<br>:<br>:<br>: | **Case No.** 3:15-cv-80<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, KELLY SAXON, by and through her attorneys, and for her Complaint against the Defendant, MEDICAL DATA SERVICES, INC., a/k/a MEDICAL REVENUE SERVICES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Watkinsville, Georgia.

5. On information and belief, Defendant is a corporation of the State of Florida, which is licensed to do business in Georgia, and which has its principal place of business in Vero Beach, Florida.

**FACTS COMMON TO ALL COUNTS**

6. On September 12, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Middle District of Georgia, Case No. 14-31001.

7. On January 16, 2015, an Order of Discharge was entered in Plaintiff's bankruptcy case.

8. On or about August 5, 2015, Defendant placed a telephone call to Plaintiff's cellular telephone in an attempt to collect the alleged debt which was discharged by the Bankruptcy Court.

9. Said communication resulted in an automated voice message to Plaintiff, in which Defendant identified itself as Medical Revenue Services.

10. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

**COUNT I**

11. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 as if reiterated herein.

12. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

13. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

14. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT II**

17. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT III**

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT IV**

21. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT V**

23. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692e(14) by using a business, company or organization name other than the true name of Defendant's business, company or organization.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VI**

25. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

26. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VII**

27. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

28. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VIII**

29. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 above as if reiterated herein.

30. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

31. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

32. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

33. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

34. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

35. Plaintiff did not give Defendant their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact them in this manner was terminated and revoked.

36. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

37. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

38. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

39. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

**COUNT IX**

40. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 30 through 37 above as if reiterated herein.

41. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

42. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

KELLY SAXON

By: /s/ R. Douglas Lenhardt
R. Douglas Lenhardt
Attorney for Plaintiff

R. Douglas Lenhardt
Attorney for Plaintiff
Georgia Attorney No. 446503

Jason Allen Law LLC
230 College Avenue
Athens, GA 30601
Phone: (706) 369-5433
Fax: (706) 369-6974
doug@lenhardtlaw.com